# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| LATOSHA STARKS-TWILLEY, GENEVA CRUTCHER, JUSTIN CRUTCHER, and LAKETA CRUTCHER, | ) ) ) ) |
| Defendants. | ) ) |

No. 2:18-cv-02492-TLP-cgc

## ORDER GRANTING JOINT MOTION FOR INTERPLEADER

This is an interpleader action involving an ERISA-regulated group life insurance plan. Plaintiff, Sun Life Assurance Company of Canada ("Sun Life"), and W.T., a minor, through his duly appointed Guardian Ad Litem, jointly move to interplead $73,000.00 in funds from Decedent Waddell. B. Twilley's life insurance policy. (ECF No. 26.) No other Defendant has made an appearance here. The Court finds that the joint motion is well-taken and is hereby GRANTED.

## BACKGROUND

Sun Life filed this interpleader action seeking to determine the rightful recipient of funds payable under the life insurance policy (the "Policy") of Decedent Waddell B. Twilley. (*See* ECF No. 1.) The Policy was an ERISA-regulated plan, and Sun Life is the plan issuer and claim administrator. (ECF No. 26 at PageID 106.) At the time of Decedent's passing, his wife, Latosha Starks-Twilley, was a 50% primary beneficiary and his minor child, W.T., was a 50%

primary beneficiary of the proceeds of the Policy. (*Id*. at PageID 107.) No secondary or contingent beneficiaries were named. (*Id*.)

Now, Latosha Starks-Twilley is charged with the homicide of Decedent and is awaiting trial on criminal charges of first-degree murder. (*Id*.) As a result, Starks-Twilley's claim to 50% of the death benefits under the Policy is in dispute under Tennessee's slayer statute, Tennessee Code Annotated § 31-1-106. (*Id*. at PageID 106.) And Decedent's death has led to the disbursement of more benefits under the Policy's Accidental Death and Dismemberment provision. (ECF No. 26 at PageID 107.) The total benefits payable under the Policy is about $146,000.00. (*Id*.)

Sun Life paid W.T.'s 50% interest of these funds in May 2019. (*Id*. at PageID 108.) Now Sun Life, as a stakeholder with no claim to the disputed funds, and W.T. jointly seek to deposit the remaining funds, about $73,000.00, into this Court's registry pending the determination of the rightful beneficiary. (*Id*. at PageID 109.) Sun Life also seeks two additional orders: one requiring all Defendants to present their claims in this interpleader case for the disputed benefits; and, another order enjoining the Defendants from instituting or prosecuting any other lawsuit, action or proceeding in any State or United States court against Sun Life, nexAir, LLC, and or the Policy for the recovery of death benefits, plus any applicable interest or any portion of it. (*Id*.)

## **LEGAL STANDARD**

Plaintiff seeks interpleader under Rule 22 of the Federal Rules of Civil Procedure.[1] (ECF No. 26 at PageID 105.) A plaintiff exposed to multiple liabilities from persons with claims may

---

[1] The Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because the disputed funds derive from an ERISA-regulated group life insurance policy. *See* 29 U.S.C. § 1001 *et seq*.

join, as defendants, those persons and require them to interplead under this Rule. Fed. R. Civ. P. 22(a)(1). There are typically two stages to an interpleader action. *United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). The first stage entails determining "whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. *Id.* (citing 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed. 2001)). The second stage is when "the court determines the respective rights of the claimants to the fund or property at stake . . . ." *Id.* If the court determines that interpleader is appropriate, the court may, before proceeding to the second stage, discharge a disinterested stakeholder, enjoin the parties from instituting legal proceedings related to the disputed funds, and direct the claimants to interplead. *Id.*

## **ANALYSIS**

Here Sun Life has shown that there is a legitimate possibility that multiple, adverse parties could lay claim to the remaining 50% of the benefits under the Policy. A good case in point is that W.T. answered the interpleader action and asserted a crossclaim against Starks-Twilley alleging that Starks-Twilley forfeited her share of the Policy benefits and so her 50% share defaults to W.T. (*See* ECF No. 20 at PageID 95–97.) The Court agrees that Sun Life is not in the best position to decide the merits of the competing claims. Interpleader is thus proper.

And Sun Life has shown that it is a disinterested stakeholder simply seeking to determine the rightful beneficiary of the remaining funds under the Policy. Sun Life does not dispute that the funds are due and payable on Decedent's benefit. Additionally, no Defendant has filed a

join, as defendants, those persons and require them to interplead under this Rule. Fed. R. Civ. P. 22(a)(1). There are typically two stages to an interpleader action. *United States v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). The first stage entails determining "whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. *Id.* (citing 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed. 2001)). The second stage is when "the court determines the respective rights of the claimants to the fund or property at stake . . . ." *Id.* If the court determines that interpleader is appropriate, the court may, before proceeding to the second stage, discharge a disinterested stakeholder, enjoin the parties from instituting legal proceedings related to the disputed funds, and direct the claimants to interplead. *Id.*

## **ANALYSIS**

Here Sun Life has shown that there is a legitimate possibility that multiple, adverse parties could lay claim to the remaining 50% of the benefits under the Policy. A good case in point is that W.T. answered the interpleader action and asserted a crossclaim against Starks-Twilley alleging that Starks-Twilley forfeited her share of the Policy benefits and so her 50% share defaults to W.T. (*See* ECF No. 20 at PageID 95–97.) The Court agrees that Sun Life is not in the best position to decide the merits of the competing claims. Interpleader is thus proper.

And Sun Life has shown that it is a disinterested stakeholder simply seeking to determine the rightful beneficiary of the remaining funds under the Policy. Sun Life does not dispute that the funds are due and payable on Decedent's benefit. Additionally, no Defendant has filed a

counterclaim against Sun Life here. Thus, dismissal of Sun Life is proper once the funds have been deposited into this Court's registry.

## **CONCLUSION**

For the reasons above, this Court GRANTS Sun Life and W.T.'s Joint Motion for Interpleader. Sun Life is ORDERED to deposit the disputed funds, about $73,000.00, into the Court Registry within fourteen days of this Order being entered. The Court will enter judgment dismissing Sun Life from this case once the funds are deposited, and the Defendants shall interplead their claims.

**SO ORDERED**, this 6th day of August, 2019.

                                             s/Thomas L. Parker
                                             THOMAS L. PARKER
                                             UNITED STATES DISTRICT JUDGE